UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH A. DOUGLAS,<br><br>                              Plaintiff,<br><br>             -against-<br><br>CAMBRIDGE HEALTH ALLIANCE AND ASSOCIATES; DR. SNYDER,<br><br>                              Defendants. | 22-CV-53 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a Massachusetts resident, brings this *pro se* action alleging that Defendants violated her constitutional rights. For the following reasons, this action is transferred to the United States District Court for the District of Massachusetts.

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

In the complaint, which is not a model of clarity, Plaintiff appears to allege that her rights were violated in connection with an involuntary psychiatric hospitalization that occurred in Massachusetts . Because Plaintiff does not allege that any defendant resides in this district or that

a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b). Plaintiff's claims arose in Massachusetts. *See* 28 U.S.C. § 101 Accordingly, venue lies in the District of Massachusetts, 28 U.S.C. § 1391(b), and this action is transferred to the United States District Court for the District of Massachusetts, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of Massachusetts.[1] A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 6, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

[1] Plaintiff submitted the complaint without paying the fee or filing an application for leave to proceed *in forma pauperis*.